Filed Nov. 9, 1893.

———————◆———————

No. 843.

MAZELIN ET AL. *v.* ROUYER ET AL.

APPELLATE COURT PRACTICE.—*Sufficiency of Evidence.*—The Appellate Court can not, on appeal, weigh conflicting evidence to ascertain the real facts, but it must take that view of the evidence most favorable to the appellee, and affirm the judgment if there be evidence which fairly supports the finding.

TRUST AND TRUSTEE.—*Power of Court to Remove Trustee.*—A court of chancery has power, even independent of any statutory provision, or of directions contained in the instrument, to remove a trustee for good cause.

From the Marion Circuit Court.

*R. Denny* and *N. M. Taylor,* for appellants.

*A. C. Ayres, A. Q. Jones, E. Marsh* and *W. W. Cook,* for appellees.

GAVIN, C. J.—The appellant, both individually and as

trustee for Victoria Mazelin, filed, in the Marion Circuit Court, his petitions for partial distribution of the assets of the estate of John B. Mazelin, deceased.

The court ordered the distribution upon the execution of a proper refunding bond by the legatees.

In requiring this bond, the court but followed the plain mandate of the statute. Section 2380, R. S. 1881.

The case of *Smith, Exec.*, v. *Smith*, 76 Ind. 236, decides nothing to the contrary.

A cross-complaint was filed, seeking the removal of the appellant Edward Mazelin from his position as trustee of his sister Victoria. No question is made as to the propriety of the mode of procedure adopted. Upon the issues formed on the cross-complaint, in which there are no charges of want of integrity or misconduct against the appellant, there was a trial before a probate commissioner, who recommended appellant's removal. Upon a subsequent presentation to the circuit court, there was a finding and judgment against appellant, and an order for his removal as trustee.

Numerous technical objections have been urged by appellee, which we have not deemed it necessary to examine.

All the objections argued by appellant, to the action of the court, arise upon the question of the sufficiency of the evidence. There are nearly 600 pages of type-written matter presented to us as the evidence in the cause. This we have read over and examined with care. .The rule is thoroughly established that this court can not, on appeal, weigh the conflicting evidence to ascertain the real facts, but that it must take that view of the evidence most favorable to the appellee, and if there be any evidence which fairly supports the verdict or finding, then the action of the trial court must be sustained.

Counsel for appellant concede the correctness of the

rule, but strenuously contend that it is not applicable in this cause, because here there is a total want of evidence. With this view, however, we are unable to agree. No good purpose would be subserved by going into the details of the evidence in this case. It is an unfortunate one in many of its aspects, but keeping in mind the narrow limit allowed to us, as an appellate tribunal, for the review of the facts, we are constrained to hold that there is some evidence to sustain the action of the trial court, and its determination of the questions involved must be considered final. It is well settled that a court of chancery has power, even independent of any statutory provision, or of directions contained in the instrument, to remove a trustee for good cause. *Ex Parte Kilgore,* 120 Ind. 94; *People* v. *Norton,* 9 N. Y. 176; Pomeroy Eq. Jur., section 1086. See, also, section 2980, R. S. 1881.

The judgment is affirmed.

Filed Nov. 8, 1893.