# METROPOLITAN LIFE INSURANCE COMPANY *v.* WOLFORD.

### [No. 7,372.   Filed February 15, 1912.]

1. APPEAL.—*Reversal.*—*Want of Evidence.*—An entire want of evidence tending to support a fact necessary to plaintiff's recovery requires a reversal of the judgment; but in determining such want of evidence only that favorable to plaintiff will be considered.   p. 394.

2. NEW TRIAL.—*Want of Evidence.*—Where the verdict is without evidence to support it, or where the evidence directly contradicts the verdict, a new trial should be granted.   p. 394.

3. INSURANCE. — *Policy.* — *Conditions.* — *Violations.* — *Avoidance.*— Where an insurance policy contained a provision that such policy should not take effect unless it was delivered to the assured while in good health, unless before its date assured had not been attended by a physician for a serious disease, and unless he had not been afflicted with pulmonary disease or chronic bronchitis, and two doctors testified that they treated assured, before the policy was delivered, for tuberculosis, and the beneficiary, assured's wife, testified that assured was in sound health when the policy was delivered, that one of such doctors treated assured for typhoid-malaria, and that the other, to her knowledge, did not treat him, such doctor testifying that the treatment was given at the doctor's office, a verdict for the plaintiff is not supported by the evidence, the defendant having duly tendered back the premiums paid at the first opportunity after knowledge of the facts.   p. 395.

From Superior Court of Allen County; *Owen N. Heaton,* Judge.

Action by Susan Wolford against the Metropolitan Life Insurance Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Creighton H. Williams,* for appellant.
*William C. Ryan,* for appellee.

IBACH, P. J.—On February 19, 1906, the Metropolitan Life Insurance Company issued an industrial insurance policy on the life of Lee C. Wolford, his wife, Susan Wolford, appellee, being named as beneficiary. According to the terms of the policy, it was issued upon an application which omitted the warranty usually contained in applications, and the policy itself contained the entire agreement between the parties. Certain conditions set out in the policy were made part of the contract, and among them were the provisions that no obligation is assumed by the company unless on the date of the policy the insured is alive and in sound health, that, unless otherwise stated in a waiver signed by the secretary of the company, the policy is void if the insured before its date has been attended by a physician for any serious disease or complaint, or has had before said date any pulmonary disease, or chronic bronchitis. On November 9, 1906, Lee C. Wolford died of consumption. The proofs of loss furnished to the company by appellee disclosed on the face thereof that the insured had been treated by two physicians for consumption in 1905. The company refused to pay the claim for this reason, and tendered to appellee the premiums paid in, amounting to $3.90. She refused to accept the premiums, and when suit was brought, the amount thereof was paid into court for her benefit. Appellee first brought suit in a justice's court, and there recovered judgment for $63, the amount payable by the terms of the policy in case of the death of insured within less than a year from the date of its issuance. Appellant appealed to

the Superior Court of Allen County, and appellee again recovered judgment. Appellant in its answer in the superior court set out the facts substantially as heretofore stated, and claimed that it first had learned from the proofs of loss that the insured had been attended by physicians for a serious disease—pulmonary consumption—for a long time prior to the issuing of the policy, and on so learning had promptly elected to avoid the policy by reason of its provisions, and offered at once to return the premiums.

Among the errors assigned under the motion for new trial is that the verdict is not sustained by sufficient evidence.

The verdict for appellee cannot be upheld, if it appears from the evidence that any of the reasonable conditions which were made a part of the contract had been violated; that is, if it appears that the insured was suffering from tuberculosis at the time the policy was issued, that he had been treated for a serious disease before it was issued, or that he had had, before that date, any pulmonary disease, or chronic bronchitis. It is not claimed by appellee, nor does it appear, that if any of these conditions were violated, the company has in any manner waived their violation. Appellee rests her case upon the ground that the jury, by its verdict and by its answer to interrogatories, has found that these conditions were not violated.

Courts of appeal will not often disturb a verdict on the sufficiency of the evidence. "The appellate court, in determining whether the evidence is sufficient to support a verdict for the plaintiff, will, laying aside defendant's controverting evidence, assume that plaintiff's evidence is true, and will give to it every favorable inference which may be reasonably and fairly drawn from it." *Mazelin* v. *Rouyer* (1893), 8 Ind. App. 27; *Chicago, etc., R. Co.* v. *Vandenberg* (1905), 164 Ind. 470. But "whenever it can be said that there is clear and convincing proof of an essential fact, contrary to the finding of the jury, and

that the verdict is without any evidence fairly tending to sustain it, the verdict ought not to stand." *Continental Life Ins. Co.* v. *Young* (1888), 113 Ind. 159, and cases cited at page 161, 3 Am. St. 630. Where the jury trying a cause, in the face of uncontradicted evidence, returns a verdict contrary thereto, such verdict should be set aside, and a new trial granted. *Roe* v. *Cronkhite* (1876), 55 Ind. 183.

In the present case it appears from the proofs of loss signed by the physicians who had attended the insured, and from their testimony on the trial, that he had pulmonary consumption before the policy was issued.

3. Doctor Kaadt testified that he treated insured for pulmonary tuberculosis in the fall of 1905. Doctor Ladd testified that he was treating insured in the fall of 1905, and that about December 1, 1905, he diagnosed his disease as pulmonary tuberculosis. There is absolutely no contradiction to this testimony.

Such being the case, the evidence shows that two of the conditions of the contract of insurance had been violated, for it was in evidence, and it is a matter of common knowledge that pulmonary tuberculosis is a serious disease, one which is liable to shorten life, and permanently to affect the system. Appellee testified that her husband was in sound health at the time the policy was issued, and that Doctor Ladd had treated him for typhoid-malaria in October, 1905. As appellee is unskilled in medicine, her testimony would relate only to the apparent sound health of insured, and there is nothing in her testimony contradicting that of the two doctors, that they treated insured for pulmonary tuberculosis in the fall of 1905, for Doctor Ladd testified that he treated him for typhoid-malaria in October, later for pulmonary consumption, and that he told appellee that her husband had tuberculosis, though he did not tell him for fear of alarming him, and though she testified that, to her knowledge, Doctor Kaadt had not treated insured in

1905, the doctor testified that the treatments were given at his office, and she might easily have no knowledge of them.

There is an absolute lack of evidence to support the verdict as to material issues in the cause, therefore the court erred in overruling appellant's motion for new trial. Other alleged errors argued will probably not occur on retrial. The judgment is reversed, with instructions to grant a new trial.