## INDIANA NATURAL GAS AND OIL COMPANY *v.* DULING.

[No. 7,744.    Filed December 13, 1912.]

1. APPEAL.—*Assignment of Errors.—Waiver.—Briefs.*—Errors assigned on appeal, and not discussed in appellant's brief, are considered waived.   p. 599.

2. MINES AND MINERALS.—*Oil and Gas Leases.—Assignment.—Evidence.*—In an action against the assignee of an oil and gas lease, it is not necessary that the assignment be proved by direct evidence.   p. 600.

3. MINES AND MINERALS.—*Oil and Gas Leases.—Assignment.—Evidence.—Sufficiency.*—In an action against the assignee of oil and gas leases, evidence that at the time plaintiff entered into certain contracts with defendant with reference to drilling other wells on the lands, and reciting that such lands were held by defendant under an assignment of several grants, the defendant had such leases in its possession, and that defendant then and at other times paid plaintiff money as rent, though failing to show that the money was paid as rent under the gas leases in question, or that defendant took possession of the leased premises, will justify an inference that the leases were assigned to defendant.   pp. 600, 602.

4. APPEAL.—*Review.—Evidence.—Determination of Sufficiency.*—In determining whether there is some evidence on which a verdict can rest, the court will consider only that evidence which is favorable to appellee.   p. 602.

5. MINES AND MINERALS.—*Oil and Gas Leases.—Assignment.—Evidence.—Presumptions.*—Where at the time of entering into certain contracts with reference to drilling additional wells on the lands of plaintiff, the defendant had in its possession certain gas and oil leases executed by plaintiff to a different company, a recital in such contracts that the lands were held by defendant by assignment of several grants, will be presumed, in the absence of evidence to the contrary, to refer to such leases.   p. 602.

6. MINES AND MINERALS.—*Oil and Gas Leases.—Action.—Evidence.—Identification of Leases.*—In an action against the assignee of certain gas and oil leases, where there was no evidence to show that plaintiff had executed other leases, or that there were other leases present, the testimony of plaintiff that leases in the possession of defendant at the time of the execution of certain contracts with reference thereto were the originals of which the

leases present at the trial were copies, was a sufficient identification of such leases. p. 603.

7. MINES AND MINERALS.—*Oil and Gas Leases.—Assignment.— Subsequent Contract.—Breach.—Liability.—Evidence.*—Where the assignee of oil and gas leases, covering separate tracts of plaintiff's land in a certain township, had entered into a subsequent agreement with plaintiff to drill a third well on his land in such township, the liability of such assignee under such subsequent contract could be fixed by proof of a failure to drill a well on any of the land described in the leases. p. 603.

From Wells Circuit Court; *Charles E. Sturgis,* Judge.

Action by Joel O. Duling against the Indiana Natural Gas and Oil Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*W. O. Johnson, Eichhorn & Vaughn* and *Blacklidge, Wolfe & Barnes,* for appellant.

*St. John, Charles & Gemmill* and *Simmons & Dailey,* for appellee.

LAIRY, J.—Appellee, being the owner of 160 acres of land, executed three separate natural gas and oil leases thereon to the Indianapolis Gas and Oil Company. The first lease covered the northwest quarter of the northwest quarter of section twenty-five, township twenty-three north, range eight east. The second covered the east half of the northeast quarter of section twenty-six, and the third covered the southwest quarter of the northwest quarter of section twenty-five, all in the same township and range. All of the leases were executed on April 29, 1898, and are designated in this opinion as first, second and third, only for the purpose of identification.

The complaint in this case was filed by appellee against the Indiana Natural Gas and Oil Company, a stranger to these leases, and is in two paragraphs. The first paragraph is based on the first lease, as heretofore designated, and also on an additional and subsequent agreement entered into on November 16, 1903, between plaintiff and defendant, Indiana Natural Gas and Oil Company. This latter contract

is alleged to be in writing and is set out in this paragraph of complaint in the words and figures following:

"For and in consideration of one dollar I hereby extend the terms and conditions of a certain grant made under the date of the 28th day of April, 1898, to the Indianapolis Gas Company, and duly assigned to the Indiana Natural Gas and Oil Company, of the following lot of land situate in the Township of Fairmount, County of Grant, and State of Indiana, described as follows, to-wit; the northwest quarter of the northwest quarter of section 25, township 23 north, range 8 east, containing forty (40) acres, more or less, with all its terms and conditions, it being understood that the time for completing a second well be limited to two years, the rental to continue the same as provided in the original lease, from January 1, 1904, and a failure to sink said well within that time shall forfeit said grant and this extention thereof.

"Witness my hand and seal this 16th day of November, 1903.                               J. O. Duling.

"Witness:  B. F. Kennedy.

"I hereby accept the foregoing agreement in behalf of the Indiana Natural Gas and Oil Company.

Jacob S. Smith, Pres."

The second paragraph of complaint is based on the second lease, as heretofore designated, and also upon a certain additional contract in writing alleged to have been entered into between plaintiff and the defendant company on November 16, 1903, which contract is set out in the complaint in the words and figures following:

"In settlement of all differences of any name and nature between the parties hereto, and the withdrawal of all suits by J. O. Duling against The Indiana Natural Gas and Oil Company at once:  The Indiana Natural Gas and Oil Company has agreed to drill a third well exclusive of the well drilled on the northwest ¼ of the northwest ¼, section 25, township 22 north, range 8 east, on or before the first day of May, 1904, upon said lands in Fairmount Township, Grant County, Indiana, now held by assignments of several grants to the Indiana Natural Gas and Oil Company; failing to do so, said company shall pay to said J. O. Duling the Gas rental named in said grant or grants the same as if said

wells had been drilled, such payments to continue in accordance with the terms of said grants.

"Witness my hand and seal this 16th day of November, 1903.                                    J. O. Duling.

"Witness B. F. Kennedy.

Jacob S. Smith, Pres."

The two leases sued on and set out in these paragraphs of complaint are identical in form, except as to the lands described. Both paragraphs of complaint allege that the lease set out therein had been assigned in writing to defendant, and sought to recover damages for the breach of certain conditions contained therein. By the first paragraph plaintiff seeks to recover acreage rental, alleged to be due and unpaid, in the sum of $280, and in the second he alleges that defendant failed to drill any gas well, as it agreed to do in the additional agreement heretofore set out, and he seeks to recover gas well rental under this agreement for five years, at the rate of $100 per year. By this paragraph plaintiff also asks damages in the sum of $40, for failure to deliver gas for domestic uses, and $25 damages for injury to plaintiff's lands and the crops growing thereon, caused by the removal of a half-mile of ten-inch pipe laid by defendant on the lands of plaintiff.

Defendant filed a general denial, and a trial of the issues thus formed resulted in a finding and judgment in favor of plaintiff.

1. The alleged error of the trial court in overruling appellant's motion for a new trial is the only question presented by its brief. Other errors assigned and not discussed will be considered as waived. The motion for a new trial contained sixteen causes, but only two of the causes so assigned are discussed in the brief: (1) The decision of the court is not sustained by sufficient evidence; (2) the assessment of the amount of recovery is erroneous, being too large. On the first question it is claimed that the evidence is not sufficient, for the reason, as asserted, that there is no evidence in the

record showing, or tending to show, that the leases sued on had been assigned to defendant company, and that no facts are proven from which such assignment can be rightly or reasonably inferred.

It is true that no written assignment of the lease was introduced in evidence; but it is not necessary in a case such as this to prove the assignment by direct evidence. In 3 Phillips, Evidence (Cowen & Hill's Notes) 466, the doctrine is stated by the learned author as follows: "When the action is brought against the defendant as assignee of the term, and the issue is on the assignment, it will be enough for the plaintiff to give general evidence, from which an assignment may be inferred; as, that the defendant is in possession of the demised premises, or has paid rent. Payment of rent by the defendant to plaintiff, when the defendant has been let into possession by the original lessee, is *prima facie* evidence of the assignment of the whole term. * * * The defendant who is charged as assignee of a term, is at liberty, in an issue on the assignment to show that he holds the premises as under tenant to the lessee, and not as assignee."

From the evidence of appellee it appears that on November 16, 1903, he met, by appointment, Jacob S. Smith, president of appellant company, at its office in Chicago, and that Mr. Smith had in his possession the original three leases, copies of which were there present in court at the time he was testifying. He also testified that he and Mr. Smith, having these leases before them, entered into the two written contracts under date of November 16, 1903, heretofore set out in this opinion, and that Mr. Smith paid him some money as rent. These contracts were introduced in evidence, and, by reference, it will be seen that the first refers to the lease on the northwest quarter of the northwest quarter of section twenty-five as having been duly assigned to the Indiana Natural Gas and Oil Company; and by the second, appellant agreed

that on or before May 1, 1904, it would drill an additional well on the lands of appellee in Fairmount township, Grant county, Indiana, then held by the Indiana Natural Gas and Oil Company by the assignment of several grants. Appellee also testified that the agents of appellant at different times had paid to him money as rental, and that he had receipted for the same.

It appears from the pleadings in this case that appellant, prior to the commencement of the action, had sunk a well on the southwest quarter of the northwest quarter of section twenty-five, which produced gas, and that appellant was paying rental on that tract. The lease to this tract is not made an exhibit to the complaint, and appellee directly avers that he does not seek to recover thereon. While appellee testifies to the payment of rent by appellant, his testimony fails to show definitely whether the payment of rent was on the two tracts covered by the two leases in suit, or whether it was on the tract covered by the other lease on which the producing gas well was located. If rental was paid on the latter tract only, this would afford no foundation for an inference that the leases covering two tracts had been assigned to appellant. We cannot infer that these two leases were assigned to appellant, from the fact that it took actual possession of the leased premises, for this fact is not proven. The evidence fails to show that appellant drilled any well or did any work on either of the tracts covered by the leases in suit, or that it did any other act on the land indicating a claim to or right of possession.

The facts remain, however, as shown by appellant's testimony, that all three of the leases were in the possession of appellant at the time appellee met its president in its office in Chicago, and that they were considered at the time the two contracts, under date of November 16, 1903, were prepared and signed. These contracts by their terms recognize that the lands referred to therein were held by appel-

lant under an assignment of several grants. This may be considered as an admission on the part of appellant, and while the evidence may not be strong, it is sufficient to justify an inference of the assignment to appellant of all three of such leases. In determining whether there is some

4. evidence on which the verdict can rest, the court will consider only that evidence which is favorable to appellee. *Chicago, etc., R. Co.* v. *Vandenberg* (1905), 164 Ind. 470, 73 N. E. 990; *Mazelin* v. *Rouyer* (1893), 8 Ind. App. 27, 35 N. E. 303.

In a suit by the lessor to enforce the covenants of a lease against an assignee, where the assignment is in issue, the fact of such assignment arises out of a transaction be-

3. tween the defendant and the lessee, of which the plaintiff is not cognizant and of which the defendant is.

Under such circumstances, it has been held frequently that proof of possession of the leased premises by defendant is sufficient to warrant an inference of an assignment of the lease. *Bedford* v. *Terhune* (1864), 30 N. Y. 453, 86 Am. Dec. 394; *Quackenboss* v. *Clarke* (1834), 12 Wend. (N. Y.) *555; *Coit* v. *Planer* (1868), 4 Abb. Prac. (N. S.) 140; *Williams* v. *Woodard* (1829), 2 Wend. (N. Y.) *487; *Kernochan* v. *Whiting* (1877), 42 N. Y. Super. Ct. 490; *Frank* v. *New York, etc., R. Co.* (1890), 122 N. Y. 197, 25 N. E. 332; *Weinhandler* v. *Eastern Brewing Co.* (1904), 89 N. Y. Supp. 16. We can see no reason why a like inference should not be indulged, where the evidence shows, as in this case, that defendant had in its possession the original leases, and that while so holding them it entered into a contract with the original lessor by which it agreed "to drill a third well on his lands in Fairmount Township, Grant County, Indiana, now held by assignment of several grants to the Indiana Natural Gas and Oil Company." It is true, that this contract

5. does not designate the particular lands covered by the several grants so assigned; but it will be presumed, in the absence of any evidence to the contrary, that

the several grants mentioned had reference to the three leases which appellee testified were then in the possession of Mr. Smith, and which were before them at the time the contract was made.

Appellant objects that the evidence does not show that these leases, which were in the possession of Mr. Smith at Chicago, are the same leases on which the suit is 6. based. Appellee, speaking of these leases in his testimony, referred to them as the three leases we have here, the originals of which these are copies. The evidence does not show that there were any other leases there present, or that appellee had ever executed any other or different leases on his land. The identification, under the circumstances, was sufficient.

Appellant further contends that appellee cannot recover on the second paragraph of complaint for the gas well rental claimed therein, for the reason that the contract, on 7. which the claim is based, as set out in this paragraph, does not provide that the well shall be sunk on the lands described in the lease set out therein. The contract provides that appellant shall drill a third well on the lands of appellee in Fairmount township, Grant county, Indiana, and in case it failed to do so by a fixed time, it shall thereafter pay the gas well rental fixed in the lease. Under this contract, the liability of appellant could be fixed by proof that it failed to drill a well on any of said land.

We have examined the evidence relating to damages, and we are of the opinion that the damages assessed by the court are not unwarranted by the evidence.

Judgment affirmed.

NOTE.—Reported in 100 N. E. 96. See, also, under (1) 3 Cyc. 388; (4) 3 Cyc. 348. As to the assignment of leases and the respective rights and liabilities of the parties thereafter, see 10 Am. St. 557.