## METROPOLITAN LIFE INSURANCE COMPANY v.
### SOLOMITO.

[No. 22,936.   Filed May 16, 1916.]

INSURANCE.—*Life Insurance.*—*Violation of Policy.*—*Defense.*—Provisions in a life insurance policy that no obligation is assumed unless the insured is alive and in sound health at the date of the policy, or if before such date the insured has been attended by a physician for any serious disease, etc. render a policy voidable for misrepresentation as to the insured's health at the election of the insurer; and an answer setting up misrepresentation and alleging the facts in election to rescind and avoid the policy and showing a reasonable offer to return the premiums received, when established by proof, constitutes a good defense to an action on the policy.

From Owen Circuit Court; *James B. Wilson,* Judge.

Action by Vito Solomito against the Metropolitan Life Insurance Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*Evan B. Stotsenburg* and *John H. Weathers,* for appellant.

*Thomas G. Spangler, Herbert A. Rundell* and *William M. Louden,* for appellee.

Cox, J.—Appellee sued to recover on a policy of industrial life insurance issued by appellant on the life of one Myk Kovacevie in which appellee was the named beneficiary. Appellee is an Italian and Kovacevie was an Austrian. They were not related. The amount of the policy was $275, one-half only of which sum was to be paid if death occurred within six months. The application for the insurance was made May 8, 1912, and the policy was issued on May 20, 1912. Kovacevie died August 27, 1912, of valvular heart disease and dropsy. In the writ-

ten application for the policy, it was stated that no physician had attended the insured for any complaint within two years prior to the date of the application, and that he had never been under treatment in any dispensary or hospital. The policy provided "that no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and *in sound health.*" It was further provided that the "policy is void if the insured before its date * * * *has been attended by a physician for any serious disease or complaint,* or has had before said date any * * * disease of the heart", etc.

Appellant answered the complaint by general denial and five special answers, in which the absence of insurable interest and the violations of the conditions set out above were presented as defenses. The issues formed by general denials of the special paragraphs of answer were tried by the court. On request, the facts were specially found and on them the court stated conclusions of law favorable to appellee and rendered judgment accordingly. Appellant's exceptions to the conclusions of law present the only questions involved in the appeal.

The court found among other things that, in the written application of Kovacevie to procure the insurance, it was stated by him that no physician had attended him for any complaint within two years prior to the date of the application, and that the statement was made by the insured for the purpose of inducing appellant to issue the policy of insurance sued on; that among other considerations in the policy, it was provided that no obligation was assumed by the insurer by the policy unless on the date of the policy the insured was in sound health; that at the time of the application for the insurance and at the time of the date of the policy, the insured was

not in sound health, but was then and there suffering from a disease and ailment known as hernia, which fact was then and there well known to insured but was wholly unknown to insurer; that prior to the application for the policy and to its date, in April, 1912, the insured was attended by a regular practicing physician for a serious disease and complaint, namely, hernia; that after receiving proofs of death, insurer discovered for the first time the facts set out above and immediately thereafter it notified appellee of its election to avoid the policy and it thereupon tendered back the premiums received and upon appellee's refusal to receive them paid them into court.

No question of waiver or estoppel was raised by the pleadings and the court erred in its conclusions of law in favor of appellee. Provisions in a life insurance policy like those here involved are held to render the policy voidable at the election of the insurer and answers setting up the facts in election to rescind and avoid the contract and showing a reasonable offer to return the premiums received when established by proof constitute a good defense to an action on the policy. *Commercial Life Ins. Co.* v. *Schroyer* (1911), 176 Ind. 654, 95 N. E. 1004, Ann. Cas. 1914 A, 968; *Metropolitan Life Ins. Co.* v. *Johnson* (1912), 49 Ind. App. 233, 241, 94 N. E. 785; *Metropolitan Life Ins. Co.* v. *Wolford* (1912), 49 Ind. App. 392, 97 N. E. 444; *Metropolitan Life Ins. Co.* v. *Willis* (1906), 37 Ind. App. 48, 76 N. E. 560; *Catholic Order of Foresters* v. *Collins* (1912), 51 Ind. App. 285, 279, 99 N. E. 745.

Appellant's answers fully met the requirements of the law in pleading the falsity of material representations on the part of the insured and the election of the insurer to avoid the policy and the court found the facts in support of such answers. For

this reason the conclusions of law should have been for appellant.

The conclusion reached makes it unnecessary to consider the claim of appellant that the insurance was taken by appellee on a life in which he had no insurable interest and was therefore void. Judgment reversed with instructions to the trial court to restate its conclusions of law and render judgment in conformity with this opinion.

NOTE.—Reported in 112 N. E. 521. See, also 25 Cyc 810, 816. As to effect of stipulation in application or policy of life insurance that it shall not become binding unless delivered to assured while in good health see 17 L. R. A. (N. S.) 1144; 43 L. R. A. (N. S.) 725.