WESTERN & SOUTHERN LIFE INSURANCE COMPANY *v.* PERSINGER, ADMR.

[No. 15,160. Filed February 19, 1936.]

*Samuel D. Miller, Sidney S. Miller, George R. Jeffrey* and *Harold H. Bredell,* for appellant.

*Marsh & Marsh,* for appellee.

KIME, P. J.—Appellee brought this suit to recover the proceeds of a certain policy of life insurance issued by appellant on the life of appellee's decedent. To the amended complaint in one paragraph appellant filed an answer in four paragraphs, the first in general denial, the second, plea of payment, the third, among other things alleging that said policy contained the following condition: "No obligation is assumed by the Company unless on the date and delivery hereof the insured is alive and *in sound health* . . ." which appellant contends appellee's decedent breached because on and prior to March 16, 1931, being the date of the delivery of said policy, the decedent was suffering from tumor or cancer of the uterus and that she had been so afflicted for some time prior thereto and that she died therefrom. Another condition of said policy is "All the conditions and privileges contained in this document constitute the entire contract and its forfeiture, conditions or terms cannot be waived, changed, altered or varied, except by endorsement herein, signed by the Secretary." and that there are no endorsements or waivers on said policy. A fourth paragraph of answer alleged fraud. Appellee then filed a reply in general denial to the second, third, and fourth paragraphs of answer. Appellant dismissed its fourth paragraph of answer and trial was had by jury. The jury returned a verdict for appellee in the sum of $530.00 and judgment thereon, together with costs, was entered for appellee. Appellant's motion for new trial, containing four grounds, was overruled and this appeal followed, assigning as error the overruling of said motion.

The record discloses that the application for the insurance policy contained, among other things, the following:

"16. Has life proposed any physical or mental defect or infirmity? No.

"17. When last sick? Never.

What illness? None.

"18. Names of Doctors? None.

"19. Has life proposed now or ever had cancer or tumor? No.

A serious illness? No.

\* \* \*

"Is life proposed in sound health? Yes.

"I hereby declare that the information herein is true and I waive the privileged character of all information concerning my state of health at any time, and further declare that I am in sound health.

(signed) MAUDE LEE PERSINGER."

The evidence discloses that decedent consulted a doctor in June, 1930, because of some physical trouble she was having. He found a uterine tumor present. He gave her a prescription for a tonic, told her to go home and rest for two weeks and then have an operation. She did not return to this doctor but in May, 1931, he was called to her home and after examining her informed her husband of the nature of her trouble and that the cancer had advanced to such a point that it was too late to operate. The doctor further testified that in his opinion decedent was not in sound health on March 16, 1931.

In or about May, 1931, another doctor diagnosed insured's case as cancer and he treated her therefor to the time of her death.

In October, 1930, another doctor examined her and told her that it was not a case in which he could do her

any good—that it was a surgical case; that she should go to the hospital and that "local treatments will not do you any good—that you have to be operated on, and I wouldn't want to take your money for treating you because I couldn't do you any good." That at that time she was suffering from cancer and this doctor referred her to a specialist.

She refused to be operated on and while in the hospital on November 3, 4, and 5, 1930, a fourth doctor administered radium treatments for the cancerous growth.

The evidence is to the effect that decedent was not in sound health on the date of the policy. There is nothing in the record to indicate that the appellant, prior to the filing of proofs of death of the insured, had any knowledge that she had consulted physicians, as above set out, or that she had cancer.

On January 6, 1932, decedent died of cancer. Appellant refused to pay the proceeds of the policy herein sued upon but tendered back the premiums paid thereon plus interest amounting to $19.99. This tender was refused by appellee and the same was later paid to the clerk of the court for the use and benefit of appellee.

Inasmuch as appellant's fourth paragraph of answer relating to misrepresentations made in the application for insurance had been dismissed the issues for trial were presented upon appellant's third paragraph of answer. For the purpose of this opinion the only question presented is whether there was such a breach of a condition precedent on the part of the insured in answer to the questions in reference to her health in the application for insurance so that the company assumed no obligation when such policy was issued. As above shown, the policy contained the provision that "no obligation was assumed by the company unless on the date and delivery of the policy the insured was alive and in

*sound health."* The evidence conclusively shows that the insured was not in sound health when the policy was issued and delivered, therefore, there existed such a breach of the insurance contract as to relieve appellant of liability. The following cases are decisive of this question: *Metropolitan Life Ins. Co.* v. *Wolford* (1912), 49 Ind. App. 392, 97 N. E. 444; *Metropolitan Life Ins. Co.* v. *Solomito* (1916), 184 Ind. 722, 112 N. E. 518; *Ebner, Admr.* v. *Ohio, etc., Ins. Co.* (1918), 69 Ind. App. 32, 121 N. E. 315.

Since we have arrived at the conclusion we have relative to the third paragraph of answer it is apparent that the appellant should have prevailed on its second paragraph of answer showing payment of the amount then due to the appellee, namely the premiums paid plus interest.

The judgment of the Marion Superior Court is reversed with instructions to grant appellant's motion for a new trial.