SECURITY UNDERWRITERS, INCORPORATED *v.* LONG

[No. 13,334. Filed November 22, 1929. Rehearing denied February 7, 1930. Transfer denied February 20, 1933.]

*Jackiel W. Joseph* and *Henley & Titsworth,* for appellant.

*George W. Young, Harry F. Pavey, John F. Linder* and *F. D. McCurdy,* for appellee.

NICHOLS, J.—Action by appellee against appellant on a policy of insurance issued by appellant to appellee, to recover $800 for a truck alleged to have been destroyed by fire while insured with appellant company.

It is averred in the complaint in substance that during the time involved, appellee was the owner of a truck and continued to be such owner until it was destroyed by fire; that at the time the policy of insurance was written, there was a mortgage on said truck to secure the purchase price thereof, which mortgage was executed by appellee to the International Harvester Company of America; that the association, by its officers and agents, solicited appellee for insurance on said truck and offered to write insurance thereon, and inquired of appellee all the facts concerning the same and appellee advised appellant company and its officers and agents that there was a mortgage thereon to secure the unpaid balance of the purchase price, which mortgage was executed to the International Harvester Company of America; that appellee gave said association all the information requested concerning said truck and made them a full true statement of all the conditions concerning the same; that thereafter said association, acting by and through its attorney in fact, Security Underwriters Incorporated, appellant, on August 8, 1925, executed a policy of insurance to appellee insuring said truck, spare tire and accessories in the sum of $800 against loss by fire; that said property was worth more than $800; that appellee paid to said association the regular premiums on said policy; that on August 14, 1925, about 3:30 A. M., appellee was driving said truck on a public highway about three miles

northwest of Logansport, and while driving, it caught on fire and was destroyed, burning said truck and all accessories; that at the time said truck and accessories were so destroyed appellee was the absolute owner in his own right of the truck; that thereafter, and within 60 days after said loss, appellee duly submitted proof of loss to appellant company and also rendered to appellant a written statement signed and sworn to by appellee stating all the facts which he knew concerning said truck and said fire, and interest of appellee in said property, the incumbrances thereon, and all other facts called for by said policy of insurance, which statement was duly signed and sworn to by appellee; that the same was made in the presence of said company and its officers and agents; that appellee gave to appellant all the information requested by it or required by said policy of insurance, and believed that he had given them all the information desired or required by them; that he gave to appellant sufficient information to make an investigation and appellant at said time informed appellee that they would investigate said claim and report to him, and appellant did proceed to make an investigation but never reported to appellee; that said property was worth $800 and more; that appellee had been damaged $800; that appellee has performed all the conditions of said contract on his part to be performed; that appellant has wholly refused to pay said insurance or any part thereof.

Copy of the policy and application was made a part of the complaint, by which it appears under "Special Warranties" that appellee warranted the automobile was owned by appellee and was not mortgaged or incumbered.

Appellant demurred to the complaint for want of facts sufficient to constitute a cause of action in that it showed on its face that appellee had violated a contract on which he was suing at the time he entered into it; that it

showed that appellee made a false warranty at the time he entered into the contract; and that it did not show that the alleged inaccuracies set out in the complaint were made through mistake or that the complaint is subject to any reformation. The demurrer was overruled and appellant answered in denial, and by an affirmative paragraph pleading the above mentioned breach of warranty as to the mortgage, along with other alleged breaches, to which paragraph appellee filed a reply in denial. A trial by jury resulted in a verdict in favor of appellee for $916.61, on which judgment was rendered, from which, after appellant's motion for a new trial was overruled, this appeal, appellant presenting as error the court's action in overruling its demurrer to the complaint and in overruling its motion for a new trial.

Appellant contends that the court committed reversible error in overruling appellant's demurrer to the complaint, for the reason that the complaint shows on its face, and by its exhibit, a complete defense in this, that it averred that the automobile here involved had a mortgage upon it in favor of the International Harvester Company of America, and then by its exhibit disclosed that appellee had warranted that there was no mortgage thereon. While it is averred in the complaint that appellee informed appellant of the existence of the mortgage at the time and before the policy was issued, such averment is contradicted by the exhibit to the complaint, which controls. But we do not need to determine as to whether the court erred in its ruling on the demurrer. Even if it did so err, it appears by the whole record that such error was harmless. It appears by the uncontradicted evidence, admitted without objection, that on August 17, 1925, appellant was fully informed of the mortgage on the automobile by a letter from said International Harvester Company of America, and it further appears by the evi-

dence that it knew of the other alleged breaches of warranty of which it complains, and that thereafter, on October 6, 1925, it accepted a premium on the policy, this, of course, with full knowledge of the breaches of warranties aforesaid, of which it complains. Appellant had its option, when it discovered the breaches of warranties aforesaid, to avoid the policy or to waive the breaches. In the event that it chose to rescind, it was its duty then and there, not only to refuse to accept further premiums, but to tender back the premiums which it had already received. Having failed in this regard, it thereby elected to waive the breaches.

*Metropolitan, etc., Co.* v. *Solomito* (1916), 184 Ind. 722, 112 N. E. 521; *Glens Falls Ins. Co.* v. *Michael* (1907), 167 Ind. 659, 679, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708; *Ohio Ins. Co.* v. *Williams* (1916), 63 Ind. App. 435, 439, 112 N. E. 556; *Catholic Order of Foresters* v. *Collins* (1912), 51 Ind. App. 285, 297, 99 N. E. 745; *Aetna Life Ins. Co.* v. *Bockting* (1907), 39 Ind. App. 586, 589, 79 N. E. 524; *United States, etc., Ins. Co.* v. *Clark* (1908), 41 Ind. App. 345, 367, 83 N. E. 760.

It thus appears that the error of the court in overruling appellant's demurrer, even if committed, was harmless, for it is a well settled rule of law that it is the duty of the court, in determining whether error in overruling a demurrer to a complaint was prejudicial or harmless, to look to the whole record, and if it appear therefrom that the case was fairly tried upon its merits and a right result reached, the error of the court will be held to be harmless. This principle was thoroughly discussed by this court, speaking by McMahan, J. in *Pittsburg, etc., R. Co.* v. *Rushton* (1929), 90 Ind. App. 227, 148 N. E. 337, 149 N. E. 652, and nothing can be gained by again discussing the questions there determined. In that case there was a petition to transfer to the Supreme Court, and, by the decision of

that court at this term, the transfer was denied. The rule there declared must, therefore, be taken as the established law of this state.

We may add that the rule has application as well to erroneous instructions, so that in this case, even if the instructions were in the record, and appellee contends forcefully that they are not, any errors committed in instructing the jury in the light of the whole record, must be held to be harmless.

Appellant by preparing and having appellee swear to an informal proof of loss, and by making an offer of settlement by way of compromise, waived further proof of loss.

*Western Assurance Co.* v. *McCarty* (1897), 18 Ind. App. 449, 48 N. E. 265.

Judgment Affirmed.

Remy, C. J., dissents.

ON PETITION FOR REHEARING.

NICHOLS, J.—Suggestion is made that ordinarily an action, such as here, cannot be maintained against an attorney-in-fact but that it must be maintained against the principal for whom the attorney-in-fact is acting. But it is expressly provided in the policy that: "In the event of litigation, to avoid multiplicity of suits no suit or other proceedings at law or in equity shall be begun or maintained for the recovery of any claim, or by virtue of this contract against more than one of the subscribers at this Association at any time, and this subscriber agrees that the Security Underwriters, Inc., Indianapolis, Indiana, attorney-in-fact for the subscribers of the Security Automobile Insurance Association shall be the subscriber against whom such proceeding or suit shall be brought, and upon whom process shall be made." This provision of the policy

probably accounts for the fact that no such question as above suggested is presented by the parties hereto.

Petition for rehearing denied.

Remy, J., dissents.