COX v. SCHLACHTER

[No. 569A89. Filed September 30, 1970. Rehearing denied November 30, 1970. Transfer denied June 11, 1971.]

---

* While Judge Cooper participated in a conference of the Judges, and concurred in this opinion, his untimely death occurred before the filing of this opinion.

*Lloyd L. DeWester, Jr., Ross P. Walker,* of Indianapolis, for appellant.

*Grier M. Shotwell, Kothe Shotwell & Kortepeter,* of Indi-

anapolis, *Russell I. Richardson, Stewart & Richardson,* of Lebanon, for appellees.

CARSON, J.—This is an appeal from the Boone Superior Court wherein plaintiffs-appellees brought an action against defendant-appellant to abate an alleged nuisance and for damages. Trial was to court without jury.

Appellees filed their complaint to abate a nuisance and for damages alleging they own property adjacent to property of defendant-appellant, and that defendant operates on his property an establishment for the breeding and raising of white mice for sale for biological use which daily emits vile odors damaging appellees and their property.

The issues were joined by appellant's answer in two paragraphs, the first denying that the operation of the plant daily emits vile odors, and the second alleging that defendant operates his business in a lawful, clean and scientific manner.

The second issue was raised by the amount of damages awarded. The court first entered an interlocutory order finding that the appellant operated an actionable nuisance on his property. The court ordered the appellant to report in writing to the court within thirty days as follows:

"I. That he [appellant] elects to abate said nuisance, in which case the court will enter judgment for Plaintiffs in the sum of Two Thousand Seven Hundred ($2,700.00) Dollars, and its order for abatement, said order to become enforceable by contempt Sixty (60) Days thereafter, or;

"II. That said nuisance is unabateable, [unabatable] in which alternative the Court shall thereupon enter its judgment for Plaintiffs in the sum of Eight Thousand ($8,000.00) Dollars."

Thereafter, when appellant failed to respond to the order within the stipulated time, the trial court entered its final judgment for plaintiffs-appellees in the sum of $8,000.

After various proceedings which do not concern this court, appellant filed a motion for new trial containing three specifi-

cations of error as follows: 1) The decision of the court is not sustained by sufficient evidence; 2) the decision of the court is contrary to law; and 3) the damages assessed are excessive.

Appellant's sole assignment of error is the overruling of the motion for a new trial.

## THE DECISION OF THE COURT IS SUSTAINED BY SUFFICIENT EVDENCE

In specifying that the decision of the court is not sustained by sufficient evidence, appellant has, in accordance with Rule 1-14B, Rules of the Supreme Court of Indiana, supported this specification of error with a memorandum which reads in pertinent part as follows:

### "MEMORANDUM

"The defendant, Elden J. Cox, states that the decision of the Court is not sustained by sufficient evidence for the following reasons, to-wit:

"1. The evidence most favorable to the plaintiffs, if true, shows there is only an intermittant, so-called 'mousey' odor, which has not caused physical damage to plaintiff's property but at most causes an occasional personal annoyance to them in the enjoyment of their property.

"2. The evidence shows that the defendant's one-half (½) million dollar business establishment is the fourth largest producer of mice for cancer and malaria research and production of wonder drugs in the United States and, therefore, is of vital utility to all the people.

"3. The evidence further shows that the plaintiff located his business in an agricultural area ten (10) years before plaintiffs built their home and that defendant operated such business in a normal, reasonable, clean and sanitary manner. . . ."

In considering the sufficiency of evidence, this court will consider only that evidence most favorable to the appellees and reasonable inferences to be drawn therefrom. *Butler* v. *Forker, Bd. of Comm.* (1966), 139 Ind. App. 602, 221 N. E. 2d 570. Furthermore, if there is any evidence

of probative value to support the verdict or decision, it is the duty of this court to affirm. *Central Ind. Ry. Co.* v. *Mikesell* (1966), 139 Ind. App. 478, 221 N. E. 2d 192, 201; *Haley* v. *Williams, Trustee etc., et al.* (1955), 125 Ind. App. 377, 380, 381, 123 N. E. 2d 921, 922.

The evidence most favorable to the appellees may be summarized as follows:

Appellant-Cox is the owner of a business which produces mice for scientific research. Appellees' property is adjacent to appellant's place of business. An objectionable odor, produced by the accumulation of urine, droppings and dead mice, from among the thousands of mice raised by appellant, prevailed inside and outside the place of business prior to the filing of this action. After the filing of this action, and solely to safeguard the health and welfare of the mice, this odor, which increased in volume with the successive enlargements of the "mouse house," was expelled into plaintiffs' back yard by powerful fans, some of which face at close range the adjoining back yard and dwelling house of appellees.

These fans, operated automatically on a semi-hourly schedule, day and night, week by week and month by month, have done so through a period of years, forcing foul odors over, upon and into the home of appellees and their surrounding acreage.

The immediate area in which this business has expanded began principally as agricultural. This usage has diminished due to a steady increase in residential buildings.

The essence of private nuisance is the fact that one party is using his property to the detriment of use and enjoyment of property of another. *Stover* v. *Fechtman* (1966), Ind. App. 62, 67, 222 N. E. 2d 281. Appellant states that his business is operating in an area where zoning has so provided. However, a lawful business may be so conducted as to become a nuisance. *Pritchett* v. *Board, etc.* (1908), 42 Ind. App. 3, 85 N. E. 32. In determining what

constitutes a nuisance, the question is whether the nuisance complained of produces such a condition as in the judgment of reasonable men is naturally productive of actual physical discomfort to persons of ordinary sensibilities, and of ordinary tastes and habits. *Meeks* v. *Wood* (1918), 66 Ind. App. 594, 598, 118 N. E. 591.

From the evidence most favorable to appellees, we are of the opinion the trial court was correct in holding that the operation of appellant-Cox's business constituted a nuisance.

We find it difficult to agree with appellant that the "mousey" odor is but an occasional personal annoyance. The sight of maggots rolling through a fence, the collection of two gallons of blowflies by neighbors and a putrid smell which brings tears to the eyes of nearby residents, drives them from their yards to the protection of their homes and robs them of their sleep, constitute a nuisance under the test laid down in *Meeks* v. *Wood, supra.*

We agree with appellant that his business is of vital utility to all people, but the lax and negligent manner in which he has conducted sanitation procedures in relation to surrounding residents of his property has nothing to do with the social import of his business. Appellant did correct the situation concerning the accumulation of droppings and dead mice, but only after being ordered to do so by the public health officials. The evidence points out that the installation of the fans was for the benefit of the mice with little or no thought given to the consequences which such action might impose upon those people living near the production plant. We cannot agree that appellant operated his business in a responsible manner. Complaints about the odor emitted from the plant were known to appellant. His only response, however, was to threaten his neighbors with more obnoxious odors if they did not cooperate with him.

Finally, we agree with appellant that appellees should have anticipated an incidental odor from the "mouse house", but

we also must take into consideration that, from the evidence most favorable to appellees, this odor went far beyond any anticipation which reasonable men might have had.

## THE DECISION OF THE TRIAL COURT IS NOT CONTRARY TO LAW.

Appellant's second specification of error presents no question to this court for it is "only where the evidence is without conflict and leads to but one reasonable conclusion and ■ the trial court has reached a contrary conclusion that the decision will be disturbed as being contrary to law." *Edwards* v. *Wyllie et al.* (1965), 246 Ind. 261, 266, 203 N. E. 2d 200. There is a conflict of evidence in this case and, in our opinion, the trial court's decision did not violate the test laid down in *Edwards* v. *Wyllie, supra.*

## THE DAMAGES ARE NOT EXCESSIVE.

Appellant was given an election after the trial court found that the manner in which he operated his business constituted an actionable nuisance. If appellant elected to abate the nuisance, he was to pay appellees $2,700; or, in the alternative, if appellant found that he could not abate the nuisance, he was to pay appellees $8,000. Appellant failed to exercise his suffrage and did not respond to the interlocutory order issued by the court. The trial court, after appellant's failure to elect, entered judgment declaring said nuisance unabatable and awarded appellees the sum of $8,000. Appellant now requests that we set aside this judgment.

We should point out here that we approve of the use of alternative judgments when such judgments are in accord with the general principles of equity. In the present ■ case the trial court's use of the alternative judgment balanced the equities between the parties, giving equal weight to appellant's right to operate his business in a reasonable manner and appellees' right to a reasonable use and enjoyment of their property. "Equality is equity", *Pearcy* v.

*Citizens Bk. & Tr. Co.* (1951), 121 Ind. App. 136, 155, 96 N. E. 2d 918. Furthermore, equity will give full relief in one action and prevent a multiplicity of suits. *Miller* v. *Gates* (1916), 62 Ind. App. 37, 42, 112 N. E. 538.

In cases where the nuisance is found to be abatable the measure of the damages "is the injury to the use of the property, the depreciation in rental property." *Davoust* v. *Mitchell* (1970), 146 Ind. App. 536, 257 N. E. 2d 332, at 336, 21 Ind. Dec. 124. However, this is not the situation before us here. The trial court gave appellant ample opportunity to inform the court of appellant's intention to abate the nuisance. Appellant's failure to respond to the court's order left no other option than to enter final judgment and declare the nuisance unabatable. It is proper, therefore, that the damages assessed against appellant be measured by the difference in value of such land before and after the commission of such nuisance. *West Muncie Strawboard Co.* v. *Slack* (1904), 164 Ind. 21, 72 N. E. 879.

In the case before us the evidence placed the estimated decrease in land value at $10,000; thus, an award of $8,000 is, in our opinion, a reasonable judgment.

For the foregoing reasons, the judgment of the trial court should be affirmed.

Judgment affirmed.

Lowdermilk, C.J., Cooper,* and Sullivan, JJ., concur.

NOTE.—Reported in 262 N. E. 2d 550.

---

* While Judge Cooper participated in a conference of the Judges, and concurred in this opinion, his untimely death occurred before the filing of this opinion.