FRED T. HORSLEY ET UX. *v.* JAMES E. SLOUGH ET UX.

[No. 771A142. Filed February 9, 1972.]

*Kenneth E. Lemons, Joseph P. Sullivan,* of Indianapolis, for appellants.

*Russell J. Dean,* of Indianapolis, for appellees.

WHITE, J.—Appellant-defendant Fred T. Horsley is a residential builder who built and sold a dwelling house and lot to a Mr. and Mrs. Lyons (not parties hereto) who soon thereafter sold and conveyed to appellees-plaintiffs, Mr. and Mrs. Slough, turning over to them at the closing the following instrument (which the parties refer to as a "warranty") :

> "To: Thomas A. & Shirley Lyons
> 6310 Woburn Drive              November 29, 1968
> Indianapolis, Indiana
> "We, Fred T. Horsley and Marilyn R. Horsley hereby agree to repair or replace any defects in the improvements on lot 54 in Avalon Estates or 6310 Woburn resulting from faulty workmanship or material in the construction of improvements for a period of one year from this date.
>                            (Signed)  Fred T. Horsley
>                            (Signed)  Marilyn R. Horsley"

Plaintiffs thereafter discovered defects in their house and failing to get satisfactory repair or replacement from defendants brought this action on the warranty for damages for its breach.[1] Trial to the court without a jury resulted in a general finding for plaintiffs and a judgment in their favor against defendants in the sum of $6,105.50 and costs. Defendants appeal from that judgment asserting only two contentions of error: 1) The undisputed evidence proves that "plaintiffs prevented performance and made performance by the defendants impossible by their refusal to permit access to the property so that repairs and replacements could be made pursuant to the warranty"; 2) There is insufficient evidence to sustain the amount of damages awarded, when damages are measured by the cost of repair, the proper

---

1. We, of course, state the "facts" which are sustained by the evidence and inferences most favorable to appellee. *Cox* v. *Schlachter* (1970), 147 Ind. App. 530, 262 N. E. 2d 550, 552, 23 Ind. Dec. 60, 63.

measure, and that the court erroneously computed damages on evidence of the difference in value of the property before and after the breach.

## I.

### PREVENTION OF PERFORMANCE

Defendant-appellants do not contend that the evidence was insufficient to support a finding that there was a breach resulting in some damage to plaintiffs, but contend that performance was prevented by plaintiffs' refusal to permit repairs to be made by defendants. The evidence relied on to support that contention, resolving all conflicts therein in favor of appellees, discloses that after the action had been commenced and after the parties had reached an oral agreement to execute a written settlement agreement (which was then awaiting signature), defendant Fred T. Horsley came to plaintiffs' home when Mr. Slough was absent and talked to Mrs. Slough who told him it was her understanding that "we would all sign the agreement before anything was done and I thought that would be the proper thing."

Plaintiffs later signed the agreement but defendants never did.

Those facts do not lead inescapably to the sole conclusion that plaintiffs prevented performance by defendants. If that unpleaded defense did become an issue through Mr. Horsley's unobjected to testimony concerning the incident, Mrs. Slough's testimony justified the trial court in resolving the issue against defendants.

## II.

### DAMAGES

On the issue of damages both parties, without objections, adduced evidence as to the value of the property and as to the cost of repairs. It would thus appear that each party was

offering the court the option of resolving the damages issue on either, or a combination of both, of two measures. Appellants now contend that the only proper measure of damages is repair costs; that repair cost evidence does not sustain an award in the sum of $6,105.50; and, that the court therefore erred in determining the amount of damages on the evidence of loss of fair market value resulting from the breach.

Appellants concede that Mr. Slough's testimony as to the fair market value of the property with the defects uncorrected is sufficient to sustain the court's decision, if market value is the proper criterion. It is interesting to note, however, that plaintiff Slough arrived at his estimate of present fair market value by subtracting a repair estimate from the purchase price. Answering his attorney's question about the cost of correcting the leaking basement wall he said:

"Well, Mr. Ritter gave us a rough estimate last year and he wouldn't even pin down, as far as labor. We'd need a back hoe to get in there and dig all around the house. He said the basement would have to be shored up for about six months and you're—really, in the neighborhood of 10,000 might be a figure, he didn't, he didn't specifically say."

Asked then for his opinion as to present fair market value he said:

"Well, I imagine if you took 10,000 away from 36,900, it would be around 26,900."

There was, of course, other opinion testimony as to further repair costs ranging down through Mr. Ritter's written estimate totaling $2,204.00 (plus painting) to defendants' testimony indicating that the cost of repair or replacement would not exceed $2,000.00. Additionally, plaintiffs' testimony of $1,105.50 out-of-pocket expenses for making repairs prior to trial stands undisputed.

Thus there was evidence from which the court could have found that plaintiffs were entitled to $5,000.00 to cover the probable cost of future repairs and $1,105.50 to cover repairs already made.

The judgment of the trial court is therefore affirmed.

Buchanan and Sullivan, JJ., concur.

NOTE.—Reported in 277 N. E. 2d 919.