PENN CENTRAL TRANSPORTATION COMPANY, THE CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* JAMES M. WILSON ET UX., FRANK E. BRAMBLETT ET UX., PAUL CARROLL ET UX., TAYLOR TRUMAN ET UX., ED SCHRIER ET. UX., LAWSON MCCOMMONS ET UX., PAUL THOMPSON ET UX., BEN JOHNSON ET UX., JOY LOYA ET UX., LARRY FTIKAS ET UX., CHESTER B. HALE ET UX.

[No. 1-672A17. Filed February 27, 1973. Rehearing denied March 29, 1973. Transfer denied August 15, 1973.]

*John C. Vandivier*, Danville, *John A. Stocker*, Indianapolis, *Jerdie D. Lewis*, Terre Haute, *Lewis and Lewis*, of counsel, of Terre Haute, for appellants.

*John A. Kendall, James E. Dowling, Kendall, Stevenson & Howard*, Danville, *Rocap, Rocap, Reese & Young*, of counsel, of Indianapolis, for appellees.

LOWDERMILK, J.—This is an appeal from an action brought by plaintiffs-appellees (hereinafter called Landowners) against defendants-appellants (hereinafter called Railroad) to abate a nuisance and for money damages. The action was tried by the court, resulting in a finding and judgment for Landowners, awarding each plaintiff damages.

Mr. and Mrs. Marvin H. Shelton were the owners of a tract of farm land located in Hendricks County south of Highway 36 and just west of the Marion County line. Railroad operated trains on a double set of tracks located along the south edge

of the Shelton property. The Sheltons sold various parts of said tract to Landowners and designated the area as "Shelton's Addition."

The Railroad decided to extend its rail facility by the construction of freight yards known as "Big Four Yards" or "Avon Yards." Acquisition of land was commenced in 1957 and completed in 1960; construction of the Avon Yards was completed in 1960 with the most modern available switching facilities. The Railroad, in connection with the operation of its electronic freight classification yards, utilized a retarder system, both inert and electric; a speaker system located in various parts of the yards used for communications purposes by and between the employees; and a system of lighting in the yards. No negligence was alleged or established on the part of the Railroad as to the operation of the retarder system, the communication system, and the lighting system.

After the Railroad commenced operation of its yards, the plaintiffs complained of the noise, fumes and lights. The noise from the retarder system was considerable, as the retarder consisted of a metal rail scraping against the metal wheels of the cars as they were slowed. The floodlights shone in and upon the property of the plaintiffs and the noise from the retarder and loudspeaker system permeated the atmosphere around the residences.

As a result of this noise and illumination, the value of the residences was allegedly diminished.

The judgment rendered was based upon the difference in the value of the properties with the objectionable noise and illumination and without the objectionable noise and illumination. The trial court did not enter an order to abate the nuisance inasmuch as the Federal Court, acting under Federal Bankruptcy laws, had prevented any such relief.

Appellant timely filed its Motion to Correct Errors, which was overruled. The pertinent issues raised by the Motion to

Correct Errors are all subsequently treated and passed upon in this opinion.

On June 21, 1970, the Penn Central Transportation Company filed a petition under § 77 of the Bankruptcy Act (11 U.S.C. § 205) in the District Court of the United States, for the Eastern District of Pennsylvania, entitled "In the Matter of Penn Central Transportation Company, Debtor," the same being docketed as Cause No. 70347, and in said proceedings the District Court entered an order providing, among other things,

> "All persons and firms and corporations, whatsoever and wheresoever situated, located or domiciled, hereby are restrained and enjoined * * * from commencing or continuing any proceeding against the debtor, whether for obtaining or for the enforcement of any judgment or decree or for any other purpose, provided that suits or claims for damages caused by the operation of trains, buses or other means of transportation may be filed and prosecuted to judgment in any court of competent jurisdiction * * *".

Appellant urges that the trial court lacked jurisdiction in this cause and therefore the judgment should be dismissed. A careful examination of the Federal Court's Order No. 1 hereinabove, in part, set out, convinces us that the trial court did have jurisdiction in this particular action, inasmuch as the Avon Yards were, in our opinion, a necessary part of the operation of trains.

Railroad next contends that the trial court erred in holding the operation of the railroad yards was an actionable nuisance and that the Railroad was liable for damages. Railroad points out that there was no allegation of negligence on its part and that there can be no actionable nuisance in this case unless negligence is shown. Appellants cite the case of *Fink* v. *Cleveland, etc. R. Co.* (1914), 181 Ind. 539, 105 N.E. 116, in which the Indiana Supreme Court stated:

> " '. . . that the consequential, incidental and unavoidable annoyance or damage resulting to the occupiers of land

adjacent to a duly authorized railroad, from its nonnegligent and careful operation, does not constitute an actionable nuisance, . . .'"

Appellants also cite the case of *Reber* v. *Illinois Cent. R. Co.* (1932), 161 Miss. 885, 138 So. 574, 54 A.L.R. 2d 803 for the proposition that a reasonable use of property by a lawful business cannot be considered an actionable nuisance.

Appellees-Landowners contend that their claim is based on an actionable nuisance. The statutes in point are:

Ind. Ann. Stat. § 2-505 (Burns, 1967 Repl.) :

"Nuisance.—Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action."

Ind. Ann. Stat. § 2-506 (Burns, 1967 Repl.) :

"Nuisance—Who may sue.—Such action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance."

Ind. Ann. Stat. § 2-507 (Burns, 1967 Repl.) :

"Nuisance—Remedy.—Where a proper case is made, the nuisance may be enjoined or abated, and damages recovered therefor."

Appellees contend that the existence or non-existence of a nuisance is a question of fact and that the evidence presented sufficient facts to the trial court to establish that a nuisance did, indeed, exist. Appellees cite the case of *Muehlman* v. *Keilman* (1971), 257 Ind. 100, 272 N.E.2d 591, where the Supreme Court found that noise in and of itself could constitute a nuisance if it is unreasonable. The Court found that no actual damage to property need be shown and that a lawful business could be conducted in such a manner as to become a nuisance.

The trial court, in its special findings of fact and conclusions of law thereon, found that the operation part of the Avon

Yards with respect to the retarder system, floodlight system, and loudspeaker system constituted a nuisance as to the plaintiffs, appellees herein.

We find evidence in the record from which the trial judge could logically arrive at such findings and conclusions after considering the evidence. This court, therefore, cannot disturb said findings of fact or conclusions of law thereon for the reason, as has been stated in *Muehlman* v. *Keilman, supra:*

> ". . . The established rule in this state is that when sufficiency of the evidence is questioned on appeal, the court of review does not weigh the evidence but considers only the evidence most favorable to appellee together with the reasonable inferences to be drawn therefrom. [Cases cited omitted.] . . ."

Appellant contends that appellees were on notice that the Railroad was buying land; they filed a petition to erect structures to which was attached an architect's drawing of scores of railroad tracks for the Avon Yards and that they complied with the zoning ordinance. On the other hand, the appellees contend the optioning and purchasing of the land was not done in the name of the Railroad; the petition was filed and only asked for the construction of buildings and not for the construction of the railroad yards consisting of scores of tracks where there would be the sorting and shifting of cars to make up trains, and further failed to ask for a variance pursuant to the zoning ordinance.

Appellant Railroad contends that it was there first; that it secured options on the land where the Avon Yards were built in the years of 1957 through 1960 and that the same was common knowledge that they were securing the options and that a switch yard would be built and that with such knowledge available, all appellees, except three who had theretofore commenced construction of their homes, erected their homes on the unplatted lots of Shelton Addition in very close proximity to the proposed Avon Yards and that inasmuch as appellees constructed their homes with such knowledge as

aforesaid that they are not now entitled to complain of a nuisance and are not entitled to damages for such, and have cited *Bennett* v. *Lake Erie & W. R. Co.* (1920), 74 Ind. App. 156, 127 N.E. 777, 781; *Howard* v. *Robinette* (1951), 122 Ind. App. 66, 99 N.E.2d 110, 112, 113, as their authority.

Appellee Landowners contend that the Railroad should be held responsible for the reason that it failed to secure a variance under specification F—Conditional Uses (b) of the zoning ordinance of Hendricks County, Indiana, even though the land where the switch yards was built had been zoned for industrial reserve.

In our opinion the zoning ordinance and the charges and countercharges of the parties hereto is immaterial and we are not required to pass upon the same for the reason that in considering the evidence most favorable to the appellees herein the court correctly determined that there was an actionable nuisance under Ind. Ann. Stat. § 2-505 (Burns 1967 Repl.) We are of the further opinion that it is immaterial to the issues, as appellant Railroad's argument cannot prevail against a private nuisance created by it.

Our Supreme Court said, in the case of *Carmel Natural Gas and Improvement Company* v. *Small, et al.* (1897), 150 Ind. 427, 47 N.E. 11, 50 N.E. 476:

> "The rule laid down in 2 Ency. Pl. and Pr., p. 371, is stated thus: 'Nor will the appellate court review or adjudicate questions unnecessary to the decision of the case. . . .'"

Appellant's Motion to Correct Errors, specifications 21 through 33, both inclusive, charge the court with having committed error in failing to make appropriate findings of fact as requested and suggested by defendants in said specifications.

We have determined that a part of said findings so tendered to the court were correct under the evidence and a part were

incorrect under the evidence. In our opinion, the court having adopted Railroad's tendered special findings of fact which were correct would not have added anything material to its special findings. Further, if the court erred in not adopting said special findings of fact the error was harmless, for the rule of law is well settled that it is the duty of the court, in determining whether the refusal to adopt said findings was prejudicial or harmless, to look to the whole record and if it appears therefrom that the case was fairly tried upon its merits and the trial court adopted tendered special findings of fact of either party or made his own special findings of fact which were correct and a right result reached, the error of the court will be held to be harmless. *Security Underwriters, Inc.* v. *Long* (1929), 96 Ind. App. 9, 13, 168 N.E. 699, 170 N.E. 355.

The last specification of error necessary for us to cover is the assessment of alleged excessive damages and the alleged erroneous method of computation. In cases where the nuisance cannot be abated the measure of damages is, in our opinion, the difference in value of such land before and after the commission of such nuisance.

In *Cox* v. *Schlachter* (1970), 147 Ind. App. 530, 262 N.E.2d 550, 554, Judge Carson said:

"In cases where the nuisance is found to be abatable the measure of the damages 'is the injury to the use of the property, the depreciation in rental property.' *Davoust* v. *Mitchell* (1970), Ind. App., 257 N.E.2d 332, at 336, 21 Ind. Dec. 124. However, this is not the situation before us here. The trial court gave appellant ample opportunity to inform the court of appellant's intention to abate the nuisance. Appellant's failure to respond to the court's order left no other option than to enter final judgment and declare the nuisance unabatable. *It is proper, therefore, that the damages assessed against appellant be measured by the difference in value of such land before and after the commission of such nuisance.* West Muncie Strawboard Co. v. Slack (1904), 164 Ind. 21, 27 N.E. 879." (Our emphasis.)

The trial judge did, in our opinion, follow the guidelines for the measure of damages in a nuisance case where property was injured and the nuisance could not be abated and, further, the amount of damages awarded each of the respective plaintiffs was, as to no party, such that it was shocking to the senses and excessive.

Reversal for excessive damages can only be had where it appears at first blush that the award was so excessive or outrageous, or that it is of such an amount to lead to the conclusion that the jury must have been moved by prejudice, passion, partiality or corruption. We find nothing in the record to convince us of the existence of any of these circumstances and do not feel that the award of damages as made to any of the respective appellees was excessive. *Barbee* v. *McKay* (1968), 143 Ind. App. 205, 238 N.E.2d 690.

We are unable to find anything in this record which makes the trial court's decision contrary to law.

Judgment affirmed.

Hoffman, C.J., concurs; (participating by designation) Lybrook, J. concurs.