Friendship Farms Camps, Inc. and Ronald Gabbard *v.* Leo Parson, Dorothy Parson, Max Combs and Lena Combs.

[No. 1-1175A207. Filed February 3, 1977. Rehearing denied March 10, 1977. Transfer denied June 9, 1977.]

*Frank E. Spencer,* of Indianapolis, for appellants.

*James R. Cotner, Cotner, Mann & Chapman,* of Blooming-ton, *John O. Moomaw,* of Bloomfield, for appellees.

ROBERTSON, C.J.—Defendants-appellants Friendship Farms Camps, Inc. (Friendship) is appealing the awarding of damages to each of the plaintiffs-appellees, Parsons and Combs, as well as the trial court's granting of an injunction designed to abate a nuisance.

Friendship raises four issues: Whether the judgment is supported by sufficient evidence; whether the judgment is contrary to law; whether there was error in excluding certain evidence; and whether the damages are excessive and contrary to law.

We affirm the trial court's judgment.

The record shows that Ronald Gabbard, his wife, and parents orally leased their 80 acres of rural property to Friendship

Farms Camps, Inc. for use as a campground. Friendship Farms Camps, Inc. was organized and incorporated by Ronald Gabbard, his wife, and another primarily for the purpose of providing camping facilities on the Gabbard property.

Prior to 1972, youth day camps were held on the property, but beginning in 1972, a number of weekly high school marching band camps were held. The bands would arrive on Sunday afternoon and stay until Friday evening during which time they would practice both marching and playing music. During 1973 and 1974, the band camps use increased, and Friendship proposed to extend the 1975 program to include weekend band camps during football season.

The Parsons and the Combs, whose residences were located across the road from Friendship, brought an action against Friendship to abate an alleged nuisance and for damages. The essence of their testimony at trial was that during the summer months loud band music and electronically amplified voices could be heard from 7:00 or 8:00 A.M. until 9:00 or 10:00 P.M. which interfered with their sleep and use of their property during the evening hours. They had complained to Gabbard and asked that the band music be confined to an earlier hour. Gabbard made an effort to enforce quiet hours. However, the evening noise continued for the reason that the cooler period of the day was better for practice time.

The trial court awarded Parsons and Combs $600 each in damages and permanently enjoined Friendship from permitting music or the use of bull horns on its property between 500 P.M. and 8:00 A.M. on weekdays and any time during weekends.

Friendship first contends that the judgment is not supported by sufficient evidence in that the evidence fails to show that the Parsons and the Combs were reasonable people of ordinary sensibilities, tastes, and habits and that no actual injury or sickness resulted from the alleged nuisance.

In determining the sufficiency of the evidence, this Court will look only to that evidence most favorable to the appellee and the reasonable inferences to be drawn therefrom. *Cox* v. *Schlachter* (1970), 147 Ind. App. 530, 262 N.E.2d 550. This court may not reweigh the evidence, but may only review the record for the limited purpose of ascertaining if there is any evidence which, if believed by the trier of fact, would sustain the judgment. *MacCollum* v. *American Fletcher National Bank & Trust Co.* (1972), 153 Ind. App. 282, 287 N.E.2d 265. If from that perspective, there is evidence of probative value to support the judgment of the trial court, we must affirm. *Indiana & Michigan Electric Company* v. *Schnuck* (1973), 260 Ind. 632, 298 N.E.2d 436.

Friendship's contention that actual physical sickness or illness must result before a nuisance may be found is without merit. This court has repeatedly stated that the essence of a private nuisance is the fact that one party is using his property to the detriment of the use and enjoyment of others. *Stover* v. *Fechtman* (1966), 140 Ind. App. 62, 222 N.E.2d 281; *Cox* v. *Schlachter, supra*. While injury to health is a factor to be considered in determining if one's propery is being detrimentally used, it is not the only factor to be considered for our legislature has defined a nuisance as:

> "Whatever is injurious to health or indecent or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance and the subject of an action." IC 1971, 34-1-52-1 (Burns Code Ed.).

It is settled that noise, in and of itself, may constitute a nuisance if such noise is unreasonable in its degree. *Muehlman* v. *Kielman* (1971), 275 Ind. 100, 272 N.E.2d 591. Reasonableness is a question for the trier of fact. *Muehlman* v. *Keilman, supra*.

The evidence at trial shows that the proximity of the band music and amplified voices aggravated existing illnesses of Dr.

Parsons and Mrs. Combs. Additionally, the noise interfered with sleep, required windows and doors to be kept closed on summer evenings, prohibited hearing television or conversing with another person in the same room, and made sitting outside unpleasant and visiting with others virtually impossible.

We are of the opinion that there is an adequate evidentiary foundation for the trial court's judgment.

Friendship further argues under this issue that the evidence is not sufficient to support the trial court's restrictive time limitations specified in the injunction. Friendship does not argue that the trial court had no authority to enjoin them but that a time limitation set at 8:30 P.M. should have been imposed.

As previously stated, noise as a nuisance is subject to a test of reasonableness, and reasonableness is to be decided by the trier of fact. *Muehlman* v. *Keilman, supra.* The record reveals that Parson and Combs complained that the noise interfered with their sleep, prevented them from entertaining friends, and prohibited relaxation.

We are of the opinion that the evidence and reasonable inferences to be drawn therefrom are sufficient to sustain the limited permanent injunction.

Friendship argues that the trial court's decision is contrary to law because there was no finding that its operations produced actual physical discomfort to persons of ordinary sensibilities, tastes, and habits and that the net effect of the injunction was to destroy the operation of a lawful and useful business.

Our previous discussion relating to the sufficiency of the evidence demonstrates that actual physical discomfort is not, necessarily, the sole ingredient of a nuisance. *See:* IC 1971, 34-1-52-1 (Burns Code Ed.).

As to whether the operation of a lawful and useful business is being destroyed, we agree that curtailment exists, but not its destruction.

It is the law in Indiana that a lawful and useful business is not to be destroyed unless the necessity for doing so be strong, clear, and urgent. *Owen et al.* v. *Phillips et al.* (1881), 73 Ind. 284. In the present case, the injunction granted by the trial court will not destroy Friendship's business operation. The evidence shows Friendship Farms may continue to conduct band camps during the weekdays within the specified time periods. Furthermore, the camping facilities operated by Friendship were shown to be amenable for uses other than band camps.

Friendship next contends that the trial court committed reversible error in refusing to permit defendant's witness, Stanley Barkley, to testify as to the general economic conditions of the community surrounding Friendship Farms.

At trial, Mr. Barkley was asked to describe the general economic conditions of the area. An objection was made on the grounds of relevancy, and it was sustained. He was then asked if the camping facility operated by Friendship had any effect upon the community. The same objection was made, and the court sustained the objection over defendants' offer to prove.

Friendship argues that the trial court's action prevented it from showing that the operation of its business promoted the interests of the surrounding area to an extent outweighing the private inconvenience resulting therefrom. Friendship relies upon *Northern Indiana Public Service Co.* v. *W.J. & M.S. Vesey* (1936), 210 Ind. 338, 200 N.E. 620, for the proposition that it is a defense to an action to enjoin a nuisance that the act promotes the public convenience and interest to such an extent as to outweigh the private inconvenience. In *Northern Indiana Public Service Co.*, our Supreme Court refused to abate the operation of a gas plant because of the

overriding public interest to be served by the continued production of gas for the community's use. While refusing to enjoin the gas plant, the court did award permanent damages.

We feel that in certain circumstances the continued operation of a nuisance creating business is necessary for the benefit and convenience of the community. In these limited situations less injury would be occasioned by the continued operation of the nuisance than by enjoining it. However, the private injury suffered must be compensated by an award of permanent damages if appropriate.

We believe the trial court was correct in finding that this case does not present a situation where the social utility of the Friendship business greatly outweighed the private harm to the adjoining land owners. Therefore, no error existed in the trial court's ruling.

Friendship finally contends that the monetary damages are excessive and contrary to law. In support of this contention, Friendship argues that no evidence was presented showing a decrease in the fair rental values of the Parsons and Combs properties.

The proper measure of damages in cases of this posture, where the nuisance is found to be abatable, is the injury to the use of the property determined by the depreciation in the fair market rental value during the time the nuisance existed. *Harrison* v. *Indiana Auto Shredders Co.* (7th Cir. 1976), 528 F.2d 1107; *Cox* v. *Schlachter, supra; Davoust* v. *Mitchell* (1970), 146 Ind. App. 536, 257 N.E.2d 332.

The trial court determined that the fair market rental value of the properties owned by Parsons and Combs depreciated in the amount of six hundred dollars ($600) as a result of the Friendship nuisance. Judgment was entered accordingly.

In reviewing a claim of excessive damages, this court will not disturb the award of damages unless it is not within the

scope of the evidence, or unless it appears that the award was motivated by prejudice, passion, or the consideration of improper evidence. *Gene B. Glick Co., Inc.* v. *Marion Construction Corp.* (1975), 165 Ind. App. 72, 331 N.E.2d 26. Further, in judging the award of damages, we do not require any particular degree of mathematical certainty, and where there is doubt as to the exact proof of damages, such uncertainty must be resolved against the wrongdoer. *Gene B. Glick Co., Inc.* v. *Marion Construction Corp., supra.*

We are of the opinion that the evidence adduced in the present case is sufficient to support the trial court's award of damages.

Parsons testified that in his opinion his property had a fair market rental value of $800 to $900 a month. He further stated that his property's rental value decreased to approximately "six bits" during the summer months when the band camps were being conducted.

Marvin Wilson, a real estate appraiser, offered conflicting testimony as to the rental value of Parsons' property. He estimated the rental value to be approximately $150 a month with no appreciable decrease during the summer months.

As to Combs' property, conflicting testimony established the fair market rental value to be as low as $75 a month and as high as $300 a month. The only evidence concerning the rental value of the Combs' property during the summer months was Max Combs' testimony. He stated that in his opinion his property would rent for $50 a month during the summer.

It is apparent that there was conflicting testimony regarding the fair market rental values and the resulting depreciation. We note, however, that while conflicting testimony existed, it is not our duty to weigh the evidence or judge the credibility of the witnesses. *Gene B. Glick Co., Inc.* v. *Marion Construction Corp., supra.*

The amounts awarded by the trial court, being within the scope of the evidence and not motivated by prejudice, passion,

or the consideration of improper evidence, are not excessive or contrary to law.

Finding no reversible error, the judgment of the trial court must be affirmed.

Affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 359 N.E.2d 280.