**Cletus REISS, As Special Administrator for the Estate of Mary K. Himelick, Appellant,**

v.

**Frank J. REISS and Marion Reiss, Appellees.**

No. 79S02–8711–CV–1028.

Supreme Court of Indiana.

Dec. 8, 1987.

Sharon Funcheon Murphy, Bartlett & Robb, Lafayette, for appellant.

Michael J. Stapleton, Ball, Eggleston, Bumbleburg & McBride, Lafayette, for appellees.

CIVIL PETITION FOR TRANSFER

GIVAN, Justice.

The administrator of Mary Himelick's estate brought an action requesting that a constructive trust be placed on funds which Frank Reiss transferred to himself and his wife Marion upon Himelick's death. Seven of Himelick's eleven bank accounts had been transferred to a joint account held by Frank and Himelick.

Ind.Code § 32-4-1.5-4(a) states in part:

"Sums remaining on deposit at the death of a party to a joint bank account belong to the surviving party or parties as against the estate of the decendant unless there is clear and convincing evidence of a different intention at the time the account is created."

In seeking to overcome the presumption created by the statute the appellant alleged that Frank had exercised undue influence over Himelick at the time the joint accounts were created.

At a bench trial, the parties brought forth a substantial amount of conflicting evidence concerning the allegation that a confidential relationship existed between Frank and Himelick and undue influence had been exercised over her. The trial court found: that the direct and circumstantial evidence failed to show any undue influence by the defendants when Himelick created the joint bank accounts; that plaintiff's evidence failed to prove that Himelick's acts in creating the joint accounts were not her free acts; and that the evidence was not so clear, distinct, unmistakable and convincing for the court to conclude that a constructive trust should be imposed. Judgment was entered in Frank's favor.

The Court of Appeals reconsidered the facts in the case and adopted many facts favorable to appellant's position and which conflicted with Frank's version of the controversy. The Court of Appeals stated that they must infer that the trial court found a confidential relationship existed between Frank and Himelick because otherwise the trial court would not have needed to reach the issue of undue influence. Also they found that the trial court erroneously placed the burden on appellant to prove that Frank exercised undue influence on Himelick. They found that because a confidential relationship existed and Frank received a benefit from it, the burden shifted to Frank to disprove the exercise of undue influence. *Reiss v. Reiss* (1986), Ind.App., 500 N.E.2d 1223.

■ In certain relationships, the law raises a presumption of influence upon the subordinate party by the dominant party. Relationships such as attorney and client, principal and agent, husband and wife, and parent and child are examples. In such cases, if the plaintiff proves: 1) the existence of such relationship, and 2) the dominant party received an advantage from the transaction between the two parties, the law imposes a presumption that the transaction was a result of undue influence by the dominant party. At this point, the burden of proof shifts to the dominant party and he must prove that the transaction was at arms length, and thus valid. *Lucas v. Frazee* (1984), Ind.App., 471 N.E.2d 1163.

■ When the parties are siblings, as in the present case, the law does not raise such a presumption. *Id.*; *Hunter v. Hunter* (1972), 152 Ind.App. 365, 283 N.E.2d 775. The subordinate party must prove the existence of some relationship between the parties and that they did not deal on terms of equality. The subordinate party must prove the dominant party dealt from a position of overpowering influence as to the subordinate party or that the subordinate party dealt from a position of weakness, dependence or trust justifiably reposed in the dominant party. In either case, he

must prove that the dominant party received an undue advantage. It is not until the subordinate party proves these additional facts that the burden of proof shifts. *Lucas, supra* at 1167.

■ After weighing the conflicting evidence, the trial court concluded that Himelick created the accounts on her own will and that no undue influence had been proven. Also, it did not find that Frank had received an unfair advantage upon receiving the money in the joint account upon Himelick's death. Therefore, the estate failed to prove the above-mentioned requirements. The trial court was correct in not placing the burden on Frank to disprove undue influence.

The question of whether a confidential relationship existed is a question for the trier of fact. *Lucas, supra.* If the trial court determined the question adversely to the plaintiff, he then appeals from a negative judgment. In such circumstances, an appellate court may reverse only when there is no evidence supporting the trial court's judgment or, even if there is such evidence, the appellate court reaches a definite and firm conviction a mistake has been made. *Id.*

■ Looking only to those facts supporting the position of the appellee, we cannot find that we have a definite and firm conviction that a mistake has been made at the trial court level, nor can we find that its judgment was clearly erroneous. Ind.R.Tr. P. 52(A). We cannot agree with the Court of Appeals that, as a matter of law, the estate proved by clear and convincing evidence that a confidential relationship existed between Himelick and Frank. Thus the presumption created in Ind.Code § 32–4–1.5–4(a) prevails.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

There is an implication in the language employed by the majority that a court can impose a constructive trust over the proceeds in a joint account only if there was some sort of wrong or immoral conduct on the part of the surviving joint tenant at the time of the formation of the account. This implication is false. There may be cases in which such conduct did occur and the imposition of a trust would therefore be proper. However a court should also impose a trust when the evidence is clear that at the time of the creation of the account the intent was to provide a means to effectuate a perfectly decent trust purpose and not to create a property right in the joint holder who is to carry out the trust purpose for the good of the other holder whose money goes into the account. I.C. 32–4–1.5–4. Here, during the life of Mary Himelick, Frank Reiss used the account for the sole purpose of dispensing Himelick's money for her benefit, and exerted no control over it for his own benefit or for any other purpose. The two were related and lived close together. There was a personal and confidential relationship between them. I see the evidence as clear and convincing that the sole intent of the two was to create a trust account. I would therefore reverse, as did the Court of Appeals.