**Robert S. WENDT and Kathleen M. Wendt, Appellants-Plaintiffs,**

v.

**Norris KERKHOF and 3–K Farms, Inc., Appellees-Defendants.**

No. 30A01–9109–CV–278.

Court of Appeals of Indiana, First District.

June 15, 1992.

Transfer Denied Aug. 26, 1992.

Gregory K. Silver, Sheila Suess Kennedy, Rubin & Levin, P.C., Indianapolis, for appellants-plaintiffs.

Robert G. Bogigian, Dickmann, Reason & Bogigian, Greenfield, for appellees-defendants.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Robert S. Wendt and Kathleen M. Wendt ("Wendts") appeal from a judgment in favor of Norris Kerkhof and 3–K Farms, Inc. ("Farm") in an action seeking a preliminary injunction and damages for the existence of a public nuisance. We affirm.

## ISSUES

We restate the issues on appeal as:

1. Was the trial court's judgment contrary to law?

2. Did the trial court err in applying IND.CODE § 34–1–52–4 to the Wendts's nuisance claim?

## FACTS

The Wendts own land adjacent to Farm, with the Wendts's land located northeast of Farm. When this lawsuit was commenced, the Wendts had lived on their land for over six (6) years, while Farm's owners had operated a grain farm for approximately forty (40) years.

On or about May 23, 1988, Farm's owners applied for a building permit authorizing the construction of various buildings for use in a hog farming operation. Both sides agree that significant changes in the use of Farm's land occurred in May of 1988.

The Wendts brought suit alleging a private nuisance on May 17, 1989, requesting a preliminary injunction and asking that Farm's owners move their hog operation or take other ameliorative action to abate the nuisance, specifically, the odor emanating to their property. The Wendts testified that foul and unwholesome odors stemming from Farm's land prevented the enjoyment and use of their property. The trial court found that the majority of the time the prevailing wind in Indiana is southwesterly, making the Wendts's property downwind from Farm's hog operation. Record at 59 and 123.

Experts and lay witnesses from both sides presented conflicting testimony regarding the extent and harmfulness of odors from the hog operation which eventually reached the Wendts's property. One expert stated that the value of the Wendts's property had decreased as a result of the hog operation. Record at 652–653. Farm's owners testified that their

hog operation was lawful and met all zoning and regulatory standards. Record at 362.

The trial court denied the Wendts's request for a preliminary injunction on November 10, 1989, and entered a judgment in Farm's favor on June 24, 1991. Record at 58–60 and 123–124. The Wendts appeal. Other relevant facts will be stated in our discussion of the issues.

## DISCUSSION AND DECISION [1]

*Issue One*

The Wendts claim that the trial court's judgment is contrary to law in finding that they had presented insufficient evidence to demonstrate a nuisance by Farm. We disagree.

■ Initially, we note that as the parties with the burden of proof at trial, the Wendts appeal from a negative judgment. *See Reiss v. Reiss* (1987), Ind., 516 N.E.2d 7, 9. We will not reverse a negative judgment on appeal unless it is contrary to law. *Indiana Farm Bureau Co-Op v. Ennis* (1991), Ind.App., 574 N.E.2d 322, 323. Furthermore, we will not reweigh the evidence or judge witness credibility as these are functions of the trier of fact. *Id.* Thus, the Wendts have the burden of proving that the evidence is without conflict and leads unerringly to a conclusion opposite to that reached by the trial court. *Id.*

The Wendts place great emphasis on the trial court's failure to distinguish between public and private nuisance. As Farm points out, however, this dichotomy is irrelevant in the case at bar because the trial court's judgment that no nuisance exists is well within the evidence presented, whether assessing a claim of public or private nuisance.

■ Nuisance is defined by IND. CODE § 34–1–52–1, which states:

"Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action."

In determining what constitutes a nuisance, the relevant inquiry is whether the thing complained of produces such a condition as in the judgment of reasonable persons is naturally productive of actual physical discomfort to persons of ordinary sensibility, tastes, and habits. *Meeks v. Wood* (1918), 66 Ind.App. 594, 598, 118 N.E. 591, 592. A nuisance is classified as public if it affects an entire community or neighborhood or private if its effect is peculiar to an individual or a limited number of individuals. *Yeager and Sullivan, Inc. v. O'Neill* (1975), 163 Ind.App. 466, 471, 324 N.E.2d 846, 850, *trans. denied.* Although the Wendts's complaint does not so specify, it appears to charge that Farm's hog operations were a private nuisance, since no effect on the general public is alleged. *See Beresford v. Starkey* (1990), Ind.App., 563 N.E.2d 116, 126, *aff'd in part,* (1991), Ind., 571 N.E.2d 1257; Record at 3–7.

■ When deciding whether one's use of his property is a nuisance to his neighbors, it is necessary to balance the competing interests of the landowners, using a common sense approach. *Sherk v. Indiana Waste Systems, Inc.* (1986), Ind.App., 495 N.E.2d 815, 818 *trans. denied.* The Wendts do not dispute that Farm operates its hog facilities in a lawful manner and in accordance with applicable regulations; however, this is not dispositive. *See id.* (lawful business may be of such nature, so situated, or so conducted as to constitute or become nuisance). Rather, an examination of both landowners' rights is necessary. *See id.*

■ The trial court found that the Wendts had failed to provide sufficient evidence to sustain their claim. We find that the record amply supports the trial court's judgment. On appeal, the Wendts cite their own evidence as showing that Farm's odors from the hog operation are a nuisance. However, much conflicting evidence was presented, both from experts

---

1. We note that the Wendts's citation to persuasive authority from other jurisdictions is un-
necessary in view of binding precedent in Indiana on the law of nuisance.

and nearby landowners, as well as from the Wendts and Farm's owners themselves.[2] Where conflicting evidence exists regarding the plaintiffs' claims sounding in nuisance, and on appeal they merely ask us to reweigh the evidence, we must affirm. *See Shatto v. McNulty* (1987), Ind.App., 509 N.E.2d 897, 899.

■ Although evidence exists which may have supported a judgment in favor of the Wendts, sufficient evidence also exists to support the trial court's conclusion that no nuisance existed. *See Ennis*, 574 N.E.2d at 324; *see also Yeager*, 163 Ind.App. at 474, 324 N.E.2d at 852 (while keeping of hogs, as lawful enterprise, cannot be characterized as absolute nuisance or nuisance, *per se*, such activity can become nuisance *per accidens* because of manner in which hogs are kept, locality or both); *cf. Sherk*, 495 N.E.2d at 819 (where landfill's operation destroyed adjacent landowner's hog breeding facility's successful operation, nuisance shown); *Cox v. Schlachter* (1970), 147 Ind.App. 530, 535–536, 262 N.E.2d 550, 553, *trans. denied* (defendant's operation of mice-raising establishment was nuisance, where adjacent owners subjected to sight of maggots rolling through fence and intolerable smell). Because the evidence conflicts and does not lead unerringly to a conclusion opposite to that reached by the trial court, we affirm the trial court's judgment. *See Ennis*, 574 N.E.2d at 324.

*Issue Two*

■ The Wendts also assert that the trial court erred in applying the Right to Farm Act, IND.CODE § 34-1-52-4, to their nuisance action. We agree, but find that no reversible error occurred.

As the Wendts correctly argue, I.C. § 34-1-52-4 is inapplicable to their nuisance claim. The doctrine of "coming to the nuisance," as codified in I.C. § 34-1-52-4, applies when an agricultural operation has been in existence for more than one year and then someone becomes an adjacent landowner and claims nuisance. I.C. § 34-1-52-4(f). In such cases, a nuisance action is precluded by statute. *Id.; Laux v. Chopin Land Associates, Inc.* (1990), Ind.App., 550 N.E.2d 100, 103, *trans. denied; Erbrich Products Co. v. Wills* (1987), Ind.App., 509 N.E.2d 850, 858–859, *trans. denied.* Here, it is undisputed that Farm did not begin its hog operation until approximately five years *after* the Wendts had become adjacent landowners. The trial court thus erred in finding that this doctrine applied to the case at bar because the Wendts did not "come" to the alleged nuisance, and the alleged nuisance began after the Wendts had resided adjacent thereto for over five years. However, any error was merely harmless because the trial court found that in any case, no nuisance was shown. The Wendts therefore fail to show reversible error on this issue because they cannot demonstrate prejudice. *See P.S. by Harbin v. W.S.* (1983), Ind., 452 N.E.2d 969, 976.

Affirmed.

ROBERTSON and CHEZEM, JJ., concur.

---

**2.** We note that evidence of other neighbors' experiences with odors from Farm's hog operation is not direct evidence bearing on the Wendts's claim. However, such evidence may show that the Wendts's discomfort may not amount to nuisance. The trial court assessed the witnesses' credibility, and we will not second-guess its determinations.